**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

RICKY LEE RUSHING,                                                                 PLAINTIFF
ADC #065405

v.                                              1:14CV00028-KGB-JTK

WARDEN GUY, et al.                                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge
Kristine G. Baker. Any party may serve and file written objections to this recommendation.
Objections should be specific and should include the factual or legal basis for the objection.  If the
objection is to a factual finding, specifically identify that finding and the evidence that supports your
objection.  An original and one copy of your objections must be received in the office of the United
States District Court Clerk no later than fourteen (14) days from the date of the findings and
recommendations.  The copy will be furnished to the opposing party.  Failure to file timely
objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or
additional evidence, and to have a hearing for this purpose before the District Judge, you must, at
the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing
is granted) was not offered at the hearing before the Magistrate Judge.

1

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

## I.      Introduction

Plaintiff Rushing is a state inmate incarcerated at the East Arkansas Regional Unit of the Arkansas Department of Correction (ADC).  He filed this pro se action pursuant to 42 U.S.C. § 1983, alleging inadequate medical care and treatment while housed at the Ouachita River and Grimes Units from July, 2012, until December, 2012 (Doc. No. 17).  Defendants Goforth, Bridgeman, Middleton, Williams, Stone, Pickerin, and Langston were dismissed on March 6, 2015 (Doc. No. 69), and Defendant Jones was dismissed on November 18, 2015 (Doc. No. 138).  The remaining Defendants are ADC officers Evans, Hennessey, Maples, Guy, Darland, Garcia, and Kelley, and medical employees Nance and Cowell.[1]

This matter is before the Court on the Defendants' Motions for Summary Judgment (Doc.

---

[1]Defendant Buchman has never been served; summons was returned, unexecuted on October 14, 2014 (Doc. No. 47) and November 25, 2014.  Buchman should be dismissed for failure to serve, pursuant to Fed.R.Civ.P. 4(m).  Defendants identified as Does should be dismissed, as Plaintiff has never identified them by name or obtained service on them.

Nos. 126, 129). By Order dated October 21, 2015, the Court provided Plaintiff thirty days in which to respond to the Motions (Doc. No. 133). As of this date, however, Plaintiff has not responded to the Motions.[2]

## II.    Summary Judgment Motion

Pursuant to Fed.R.Civ.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In addition, "all material facts set forth in the statement (of undisputed material facts) filed by the moving party...shall be deemed admitted unless controverted by the statement filed by the non-moving party." Local Rule 56.1, Rules of the United States District Court for the Eastern and

---

[2]The copy of the October 21, 2015 Order which was mailed to Plaintiff at his last-known address, was returned to the Court as undeliverable on October 29, 2015 (Doc. No. 136).

Western Districts of Arkansas.  Failure to properly support or address the moving party's assertion of fact can result in the fact considered as undisputed for purposes of the motion.  FED.R.CIV.P. 56(e)(2).

### A.      Exhaustion

Defendants ask the Court to dismiss them from Plaintiff's Complaint, due to his failure to exhaust administrative remedies, as required by the Prison Litigation Reform Act (PLRA) and the ADC grievance policy, Administrative Directive (AD) 14-16 (Doc. No. 126-1).  According to the declarations of Shelly Byers, Medical Grievance Coordinator for the ADC, the ADC grievance policy requires an inmate to first file an informal resolution, followed by a formal grievance and an appeal to the Director or Deputy Director.  (Doc. No. 126-3, p. 1) If an inmate files a grievance of a medical nature, it is forwarded to appropriate medical personnel for response.  (Doc. No. 130-2, p. 1) The inmate may continue the grievance process by appealing to the Deputy Director for Health and Correctional Programs, who is the final step of the process.  (Id.)  In addition, the grievance procedure requires an inmate to include the names of all personnel accused of wrongdoing, and describe the substance of the inmate's complaint.  (Doc. No. 126-3, p. 1)

In this particular case, Byers states that Plaintiff filed five formal medical grievances from April 15, 2011, to April 17, 2014 (the date after the lawsuit was filed).  (Doc. No. 130-2, p. 1)Three of those grievances were not appealed to the Deputy Director for Health and Correctional Programs. (Id.)  The other two grievances which were exhausted did not name or specifically identify any of the Defendants named in this lawsuit (Doc. No. 126-3, p. 2).  Therefore, Defendants state Plaintiff's complaint against them should be dismissed for failure to exhaust his administrative remedies.

According to the PLRA,

4

> No action shall be brought with respect to prison conditions under
> section 1983 of this title, or any other Federal law, by a prisoner
> confined in any jail, prison, or other correctional facility until such
> administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a), unconst'l on other grounds, Siggers-El v. Barlow, 433 F.Supp.2d 811, 813

(E.D. Mich. 2006).  The courts have interpreted this provision as a mandatory requirement that

administrative remedies be exhausted prior to the filing of a lawsuit.  In Booth v. Churner, the United

States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly

enough, regardless of the relief offered through administrative procedures."  532 U.S. 731, 741

(2001).  In addition, the United States Court of Appeals for the Eighth Circuit held in Chelette v.

Harris, "[t]he statute's requirements are clear: If administrative remedies are available, the prisoner

must exhaust them.  Chelette failed to do so, and so his complaint must be dismissed, for 'we are not

free to engraft upon the statute an exception that Congress did not place there.'" 229 F.3d 684, 688

(8th Cir. 2000) (quoting Castano v. Nebraska Dep't of Corrections, 201 F.3d 1023, 1025 (8th Cir.

2000)).  In Johnson v. Jones, the Court held that "[u]nder the plain language of section 1997e(a),

an inmate must exhaust administrative remedies *before* filing suit in federal court....If exhaustion was

not completed at the time of filing, dismissal is mandatory."  340 F.3d 624, 627 (8th Cir. 2003)

(emphasis in original).  Finally, in Jones v. Bock, the United States Supreme Court held that while

the PLRA itself does not require that all defendants be specifically named in an administrative

grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper

exhaustion."  549 U.S. 199, 218 (2007).

In Burns v. Eaton, the Eighth Circuit held that an exhausted grievance which named one

officer involved in a pepper spray incident did not cover the plaintiff's allegations against a second

officer named in his complaint, when the grievance did not name the second officer and did not include a description of his allegedly-unlawful actions. The Court stated, "this was not a case where 'prison officials decline[d] to enforce their own procedural requirements and opt[ed] to consider otherwise-defaulted claims on the merits.'" 752 F.2d 1136, 1141 (quoting Reed-Bey v. Pramstaller, 603 F.3d 322, 325 (6th Cir. 2010)).

In this case, the ADC grievance policy in effect clearly instructs inmates to "write a brief statement that is specific as to the substance of the issue or complaint to include the date, place, personnel involved or witnesses, and how the policy or incident affected the inmate..." (Doc. No. 126-1, p. 2) In addition, the procedure places inmates on notice of the grievance and exhaustion requirements: "Inmates are hereby advised that they must exhaust their administrative remedies as to all defendants at all levels of the grievance procedure before filing a Section 1983 lawsuit and Claims Commission claim.  If this is not done, their lawsuits or claims may be dismissed immediately."  (Id., p. 10)

The Court has reviewed the two grievances Plaintiff did exhaust, and finds that he did not specifically name any of the Defendants in either of the grievances.  In grievance GR-12-01843, Plaintiff complained that he "was hurt by the Ark. Dept. Of Corr., and Corizon" with respect to his medical care and treatment. (Doc. No. 126-2, pp. 1-4) In grievance GR-12-01911, he complained about the medical negligence of "Corizon, Inc. and the supervisor of Grimes Unit." (Doc. No. 126-2, pp. 5-8) He does not, however, specifically name any of the individual Defendants.  The Court finds that Plaintiff did not exhaust his administrative remedies with respect to any of the Defendants, except Warden Guy, which this Court assumes to be the "supervisor of Grimes Unit," referred to by Plaintiff in grievance GR-12-01911.  (Doc. No. 126-2, p. 5).  Therefore, all other Defendants should

be dismissed.

**B.      Eighth Amendment Claims against Defendant Guy**

The Court agrees with Defendant Guy that Plaintiff's damages claims against him in his official capacity should be dismissed, based on sovereign immunity.   Will v. Michigan Dep't. of State Police, 491 U.S. 58, 65-66 (1989); Murphy v. State of Arkansas, 127 F.3d 750, 754 (8th Cir. 1997).

The Court also finds that Plaintiff's claims against Defendant Guy in his individual capacity should be dismissed, for failure to support an Eighth Amendment claim.    In order to support a claim for an Eighth Amendment violation, Plaintiff must prove that Defendants were deliberately indifferent to a serious medical need.  Farmer v. Brennan, 511 U.S. 825, 834 (1994).   However, even negligence in diagnosing or treating a medical condition does not constitute a claim of deliberate indifference.  Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).  Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation," Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995).  See also Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990) (holding that a mere disagreement with a course of medical treatment is insufficient to state a claim for relief under the Eighth Amendment).  Furthermore, prison physicians are entitled to exercise their medical judgment, and "do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment."  Long v. Nix, 86 F.3d  761, 765 (8th Cir. 1996).  In addition, an inmate who complains that a delay in medical treatment constitutes a constitutional violation must provide "verifying medical evidence" in the record to establish the detrimental effect of the delay, in order to succeed on his claim.

Beyerbach v. Sears, 49 F.3d 1324, 1326 (8th Cir. 1995) (overruled in part on other grounds). Finally, "[i]n the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that [he] did not feel [he] received adequate treatment." Dulany, supra, 132 F.3d at 1240.

Furthermore, "a general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability." Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995). A prison official who is "not involved in treatment decisions made by the medical unit's staff and 'lacked medical expertise,...cannot be liable for the medical staff's diagnostic decision[s].'" Keeper v. King, 130 F.3d 1309, 1314 (8th Cir. 1997) (quoting Camberos, 73 F.3d at 176). Finally, "if any claim of medical indifference ... is to succeed, it must be brought against the individual directly responsible for [plaintiff's] medical care." Kulow v. Nix, 28 F.3d 855, 859 (8th Cir. 1994) (quoting Brown, 957 F.2d at 566).

In this case, Plaintiff complains that Defendants failed to provide adequate medical care and treatment with respect to a hernia and hydrocele, from July 23, 2012, to December 11, 2012. (Doc. No. 21)  According to the medical records provided by Defendants, Plaintiff was admitted to the Ouachita River Correctional Unit on July 23, 2012, and his hernia and scrotal hydrocele were noted during a comprehensive medical screen. (Doc. No. 130-4, pp. 83-87) Plaintiff was transferred to the Grimes Unit and on August 22, 2012, the physician ordered records relating to his hernia history. (Id., pp. 102-103) The records were reviewed on September 21, 2012, and Plaintiff was referred to a general surgeon. (Id., pp. 105-109) A special toilet-lift seat was delivered to Plaintiff on September 20, 2012, and an extra blanket was delivered on September 29, 2012. (Doc. No. 130-5, pp. 44, 51)

Plaintiff was transported to St. Vincent Infirmary in Little Rock on October 2, 2012, for a general surgery consult. (Id., pp. 56-59) The report was reviewed on October 16, 2012, and a CT scan of Plaintiff's abdomen and pelvis were ordered. (Id., p. 65-69) Those scans were conducted at Harris Hospital in Newport on October 26, 2012, and Plaintiff's pain medication was increased on November 5, 2012, by a Grimes Unit physician. (Id., pp. 82-84, 94) Plaintiff was transported to Little Rock for an outpatient procedure to repair the hernia and hydrocele on December 10, 2012 (Id., pp. 105-118). He was returned to the Grimes Unit, but was transported to Harris Hospital on December 11, 2013 after sutures at the surgery site burst. (Doc. No. 126-4, p. 14) Following a blood transfusion at the Ouachita Unit hospital, Plaintiff was returned to the Grimes Unit on December 20, 2012. (Id., pp. 1-13)

Plaintiff's only allegations against Defendant Guy are that he "was teased by a warden," and that Plaintiff appealed all his complaints and grievances to several ADC officials, including Warden Guy. (Doc. No. 21, p. 4) Allegations of teasing or name-calling, however, are not actionable under § 1983. "Generally, mere verbal threats made by a state-actor do not constitute a § 1983 claim." King v. Olmsted County, 117 F.3d 1065, 1067 (8th Cir. 1997) (quoting Hopson v. Fredericksen, 961 F.2d 1374, 1378 (8th Cir. 1992)). In addition, the "constitution does not protect against all intrusions on one's peace of mind. Fear of emotional injury which results solely from verbal harassment or idle threats is generally not sufficient to constitute an invasion of an identified liberty interest." King, 117 F.3d at 1067 (quoting Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir. 1991)). In addition, Plaintiff "does not have a federal claim regarding how his grievances were processed, investigated, or responded to, even if they were not done by the appropriate personnel or in accord with the policies." Edgar v. Crawford, No. 08-4279-CV-C-SOW, 2009 WL 3835265, *3 (W.D.Mo. 2009).

Plaintiff does not allege that Guy was a medical professional who refused to treat him, and he does not allege that Guy interfered with Plaintiff's receipt of medical treatment.  Therefore, the Court finds Plaintiff fails to state or support a constitutional claim for relief against Defendant Guy.

**III.    CONCLUSION**

IT IS, THEREFORE, RECOMMENDED that:

1.    Defendants' Motions for Summary Judgment (Doc. Nos. 126, 129) be GRANTED.

2.    Plaintiff's allegations against Defendants Evans, Hennessey, Maples, Darland, Garcia, Kelley, Nance, and Cowell be DISMISSED without prejudice, for failure to exhaust.

3.    Plaintiff's allegations against Defendant Guy be DISMISSED with prejudice.

4.    Plaintiff's allegations against Defendant Buchman and unidentified Does be DISMISSED without prejudice.

IT IS SO RECOMMENDED this 3rd day of December, 2015.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE